United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 23, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 02-61006
Summary Calendar
_____

KANNIKA KESEE,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

-----------------------------------------------------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 233 774
-----------------------------------------------------------------

Before SMITH, DEMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

　　Kannika Kesee, a native and citizen of Thailand, petitions this court for review of the Board

of Immigration Appeals' (BIA) affirmance of the Immigration Judge's (IJ) denial of her application

for withholding of removal and protection under the Convention Against Torture (CAT).  When, as

---

　　[*]　Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in this case, the BIA adopts without opinion the IJ's decision, this court reviews the IJ's decision. Mikhael v. I.N.S., 115 F.3d 299, 302 (5th Cir. 1997).

The Attorney General "may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1231(b)(3)(A), INA § 241(b)(3)(A). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. . . ." 8 U.S.C.A. § 1252(b)(4), INA § 242(b)(4).

The IJ found that there was "no indication in this case that anyone persecuted the respondent for any reason, let alone for one of the five reasons set forth [in the withholding of removal statute]." In addition, while the IJ acknowledged that case law had not set out the standards for determining when forced sex for money would be a basis to qualify one for withholding of removal, she opined that each case would have to be looked at on a case-by-case basis and that the age of the person seeking relief would be relevant. The IJ considered that Kesee was 20 years of age when she agreed to prostitute herself for the Valentine Massage parlor, "which is quite mature," and that she was no longer a young girl being taken advantage of like the young girls highlighted in the many reports of forced prostitution in Thailand.

Accordingly, the IJ found that Kesee's problems with the Valentine Massage parlor stemmed not from the broader problem of forced prostitution in Thailand, but from her personal agreement with a specific establishment to prostitute herself in exchange for money paid to her parents. No reasonable adjudicator would be compelled to find to the contrary. See 8 U.S.C. § 1252(b)(4), INA § 242(b)(4).

An applicant seeking relief under CAT has the burden of proving that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). The IJ discussed the requirements for seeking relief under CAT, including the requirement that she consider past torture, gross, flagrant or mass violations of human rights within the country of removal, and other conditions within the country. See 8 C.F.R. § 208.16(c). The IJ then discussed the facts of the case, including Kesee's agreement to prostitute herself in exchange for money paid to her parents, her inability to leave the brothel when she desired, her escape from the brothel, and the fact that, after she escaped and was living in her hometown and in Bangkok, she was never approached or harmed in any way.

The IJ gave sufficient reasons why Kesee had not satisfied her burden of proof with respect to her CAT claim, and a reasonable adjudicator would not be compelled to find to the contrary.

Based on the foregoing, Kesee's petition for review is DENIED.